UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD TURNER, | ) | Case No. 1:12CV683 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| ERNIE MOORE[1], Warden, | ) | |
| | ) | |
| Respondent. | ) | **Report and Recommendation** |
| | ) | **of Magistrate Judge** |
| | ) | |
| | ) | |

Petitioner, Donald Turner ("Petitioner"), acting *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 12, 2012 ("original petition"), ECF Dkt. #1, and amended the petition on February 25, 2013 ("amended petition").  ECF Dkt. #5.  In both petitions, Petitioner seeks relief for alleged constitutional violations that occurred during his parole hearings following his conviction for one count of Robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.02(A)(2) in the Cuyahoga County Court of Common Pleas.  On June 10, 2013, Respondent, Ernie Moore, Warden of Lebanon Correctional Institution, where Petitioner is incarcerated, filed a motion to dismiss the petition.  ECF Dkt. #10.  On July 16, 2013, Petitioner filed an opposition brief to the motion to dismiss.  ECF Dkt. #11.

Prior to the filing of the amended petition, on March 29, 2010, this Court determined that the original petition was a second and successive petition[2], see *Turner v. Brunsman*, 1:09CV2770

---

[1]Petitioner is housed at Lebanon Correctional Institution, where Ernie Moore is the warden.  See http://www.drc.ohio.gov/OffenderSearch/Search.aspx; http://www.drc.ohio.gov  "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name Ernie Moore as Respondent.

[2]To file a second or successive habeas petition, the prisoner must first move for an order from the relevant U.S. Court of Appeals authorizing the district court to consider the application. *Tyler v. Cain*, 533 U.S. 656, 660 n. 2, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (citing 28 U.S.C. § 2244(b) (3)(A)); *Cress v.*

(N.D. Ohio), and transferred the original petition to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997). ECF Dkt. #4. The Sixth Circuit denied Petitioner's motion for authorization to assert the first and second claims in his petition because they did not satisfy the requirements of 28 U.S.C. §2244(b). The Sixth Circuit further opined that the motion for authorization was unnecessary as to the third claim, which did not become ripe until September 8, 2010, and remanded the case for consideration of that claim. ECF Dkt. #6. Like Petitioner's third claim for relief, the additional claims for relief asserted in the amended petition could not have been raised in his original petition. ECF Dkt. #5.

The case was referred to the undersigned for a Report and Recommendation. ECF Dkt. #7. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

## I.      PROCEDURAL HISTORY

### A.      State Trial Court

On June 15, 2004, an indictment was filed in the Cuyahoga County common pleas court, charging Petitioner with Robbery in violation of O.R.C. §2911.02. Pursuant to O.R.C.§2929.13(F)(6), the indictment included a notice of prior conviction in Cuyahoga County, Ohio Case Nos. 184201 and 041020. The indictment also included repeat violent offender specifications pursuant to O.R.C. §2941.149.

---

*Palmer*, 484 F.3d 844, 852 (6th Cir.2007); *In re Siggers*, 132 F.3d 333, 335 (6th Cir.1997). If this petition is considered a "second" petition, this district court would have to transfer the petition to the Sixth Circuit Court of Appeals for its consideration. *In re Marsch*, No. 05–6340, 2006 WL 3780362, at *1 (6th Cir. Dec.20, 2006). The movant would then have to satisfy the requirements of 28 U.S.C. § 2244(b)(1) and (2) before proceeding further. *Siggers*, 132 F.3d at 337–339.

Under the "abuse of writ" doctrine, a habeas petition is a "second" petition "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Bowen*, 436 F.3d at 704 (citing *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)); see also *Cress*, 484 F.3d at 852 (reasonable unavailability of factual basis establishes cause for failure to raise claim); *Siggers*, 132 F.3d at 338 (could have discovered factual predicate underlying claim at time of first petition).

-2-

The trial court appointed counsel.  Thereafter, Petitioner moved to proceed *pro se.*  The trial court granted the motion, but appointed an attorney to assist.  Following a jury trial, Petitioner was found guilty of Robbery in violation of O.R.C. §2911.02.  On October 18, 2006, the court imposed a sentence of five years of imprisonment and three years of postrelease control.  The trial court appointed appellate counsel.

### B.    Direct Appeal

On November 2, 2006, Petitioner filed a notice of appeal.[3]  He filed a brief in support of his direct appeal, raising the following assignments of error:

I.      THE DEFENDANT'S STATUTORY RIGHT TO A SPEEDY TRIAL WAS VIOLATED WHEN HE WAS NOT BROUGHT TO TRIAL WITHIN 270 DAYS, AND WAS NOT BROUGHT TO TRIAL UNTIL MORE THAN 28 MONTHS AFTER HIS ARREST.

II.     THE DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL WAS VIOLATED WHEN HE WAS NOT BROUGHT TO TRIAL WITHIN 270 DAYS, AND WAS ONLY TRIED AFTER TWENTY-EIGHT MONTHS OF DETENTION.

III.    THE TRIAL COURT ERRED BY FAILING TO MAKE SUFFICIENT INQUIRY TO DETERMINE WHETHER THE DEFENDANT FULLY UNDERSTOOD AND INTENTIONALLY WAIVED HIS RIGHT TO COUNSEL.

IV.     THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECT [SIC] ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO PROTECT HIS INTERESTS BEFORE, DURING AND AFTER THE TRIAL.

V.      THE COURT'S DECISION FINDING APPELLANT GUILTY OF ROBBERY WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE STRUGGLE WAS TEMPORALLY REMOVED FROM THE THEFT.

VI.     THE FAILURE TO NOTIFY APPELLANT OF THE DURATION AND TERMS OF POST -RELEASE CONTROL CONSTITUTED PREJUDICIAL AND REVERSIBLE ERROR AND REQUIRES A NEW SENTENCING HEARING.

On March 5, 2007, Petitioner filed his brief.  On June 22, 2007, the state filed an amended response brief.  On November 5, 2007, the appellate court affirmed Petitioner's conviction, but vacated his

---

[3]Petitioner also filed a *pro se* notice of appeal on November 22, 2006.  The Eighth District dismissed the appeal on January 22, 2007 pursuant to Appellate Rule 4(A).

sentence because the trial court's notice of postrelease control was insufficient to advise Petitioner

of the mandatory nature and exact term of postrelease control.

### C.      Supreme Court of Ohio

On December 20, 2007, Petitioner filed a notice of appeal to the Supreme Court of Ohio.

He filed a memorandum in support of jurisdiction in the Supreme Court of Ohio, raising the

following propositions of law:

1.  A trial court fails in its duty to protect the constitutional right of an accused to be represented by counsel when it summarily accepts a proposed waiver of counsel without first conducting a thorough inquiry to determine whether the waiver is being made intelligently, knowingly, and voluntarily. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

2.  When no speedy trial waiver has been executed, the accused is jailed for more than two years  awaiting trial, is not afforded the right to counsel and represents himself at trial, the accused is denied the constitutional rights to a speedy and fair trial. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I, Ohio Constitution.

3.  Mr. Turner was denied his constitutional right to the effective assistance of counsel when his trial attorney failed to protect his interests before, during, and after the trial. Had counsel provided Mr. Turner with effective assistance, Mr. Turner would not have suffered the loss of constitutional rights he did and would not be imprisoned now. *Strickland v. Washington* (1984), 466 U.S. 668; Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

On January, 2008, the state filed a brief in response to Petitioner's memorandum in support of

jurisdiction.  On April 9, 2008, the Supreme Court of Ohio dismissed Petitioner's appeal as not

involving a substantial constitutional question.

### D.      Resentencing

On May 29, 2008, the trial court resentenced Petitioner pursuant to the mandate from the

Ohio District Court of Appeals for the Eighth District.  The court issued an entry noting that it was

amending its earlier entry to include three years of postrelease control.  On June 24, 2008, Petitioner

filed a notice of appeal from the trial court's sentencing entry.  Petitioner filed a brief in support of

jurisdiction, raising the following propositions of law:

I.     THE JUDGMENT ENTERED BY THE TRIAL COURT AND THE INDICTMENT RETURNED BY THE GRAND JURY ARE NULL AND VOID FOR LACK OF SUBJECT MATTER JURISDICTION AND

FAILURE TO CHARGE AS DEFINED BY STATUTE A ROBBERY OFFENSE .

II.   THE TRIAL COURT ERRED IN FAILING TO IMPOSE ANY STATUTORY SENTENCE AS MANDATED BY R.C.2929.14, THEREBY RENDERING APPELLANT'S IMPRISONMENT UNLAWFUL.

On August 27, 2008, the state filed a brief in opposition to Petitioner's brief in support of jurisdiction.

On October 31, 2008, the appellate court issued a judgment entry *sua sponte* remanding the case to the trial court for clarification pursuant to *State v. Baker*, 893 N.E. 2d 163 (Ohio 2008), which requires that "[t]he judgment of conviction is a single document that * * * must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02." The appellate court noted that the trial court's amended journal entry did not reflect the trial court's sentence or means of conviction; it only reflected the trial court's imposition of postrelease control.  *Id*.  On November 12, 2008, the trial court issued a journal entry finding Petitioner guilty of Count One of the indictment.  The court imposed a prison sentence of five years, and a term of three years of postrelease control.

On December 18, 2008, the Court of Appeals affirmed Petitioner's sentence.  Petitioner then filed a notice of appeal to the Supreme Court of Ohio.  He filed a memorandum in support of jurisdiction and asserted the following proposition of law:

THE EIGHTH DISTRICT COURT OF APPEALS ERRED AND ABUSED ITS DISCRETION IN DENYING AND DISMISSING APPELLANT'S LACK OF SUBJECT MATTER JURISDICTION CLAIM AND FAILURE TO CHARGE ANY ROBBERY OFFENSE AS DEFINED BY STATUTE AS WAIVED UNDER THE DOCTRINE OF RES JUDICATA AND *STATE V. COLON (I)*.

On May 8, 2009, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving a substantial constitutional question.

**E.    Motion in Arrest of Judgment and to Oppose Sentencing**

During the pendency of his direct appeal, on May 23, 2008, Petitioner filed a "Motion in Arrest of Judgment and to Oppose Sentencing" in the Court of Common Pleas.  Petitioner contended that there was no theft offense alleged in the robbery charge in the indictment.  He further contended that there was no property or service named or identified as having been deprived or attempted to

-5-

be deprived from the owner without the owner's consent.    He concluded that the robbery charge in the indictment was void and the trial court could not exercise jurisdiction. On June 3, 2008, the trial court denied Petitioner's motion.

### F.      State Habeas Petition

On February 17, 2009, Petitioner filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals of Ohio.  Petitioner raised the following ground for relief:

> Petitioner states that his imprisonment is clearly unlawful for failure of the trial court to impose any statutory sentence as mandated by R.C. 2929.14, and as ordered by the Eight District Court of Appeals.

1:09CV2770 - ECF Dkt. #8, Ex. 38.  On March 11, 2009, the state filed a motion to dismiss.  On March 26, 2009, Petitioner filed a brief in opposition. On May 6, 2009, the appellate court granted the state's motion to dismiss.  On October 28, 2009, the Supreme Court of Ohio affirmed the appellate court's ruling.

### G.      28 U.S.C. § 2254 Petition

On November 20, 2009, Petitioner filed a petition for a writ of habeas corpus.   See 1:09CV2770 - ECF Dkt. #1.  Petitioner raised the following grounds for relief:

> **GROUND ONE:** Petitioner's robbery indictment and judgment of conviction are null and void for lack of subject matter jurisdiction and for failure to charge as defined by statute a robbery offense which includes a theft offense.
>
> **GROUND TWO:** Petitioner's robbery indictment and judgment of conviction are null and void for lack of subject matter jurisdiction and for failure to charge as defined by state statute a robbery offense which must include in the charge, allegations of physical harm as to the purported victim.
>
> **GROUND THREE:** Petitioner's robbery indictment and judgment of conviction are null and void for lack of subject matter jurisdiction and for failure to charge a robbery offense as defined by State Senate Bill 2 robbery statute.
>
> **GROUND FOUR:** Petitioner's imprisonment is clearly unlawful and the state trial court lacked subject matter jurisdiction and authority to order his imprisonment in the absence of imposing any statutory sentence to be served by him as mandated under state and federal law and as ordered by the Eighth District Court of Appeals.

ECF Dkt. #1.  On April 8, 2010, Respondent filed a return of writ.  ECF Dkt. #8.  On June 9, 2010, Petitioner filed a traverse.  ECF Dkt. #10.  On August 13, 2011, the Court denied the petition. ECF Dkt. ##20, 21. Petitioner appealed the decision, however, the Sixth Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability on November 21, 2011.  ECF Dkt. #22.

**H.    Second State Habeas Petition**

In the interim, on July 28, 2011, Petitioner filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals. See http://www.co.warren.oh.us/clerkofcourt/Search/default.aspx. The state filed its motion to dismiss the petition on August 26, 2011.  Petitioner filed his response brief on September 13, 2011.

Petitioner argued that he had been unlawfully required to serve eighteen months beyond his five-year definite prison sentence, and that he was notified by the Ohio Department of Rehabilitation and Correction in March of 2007 that he would be placed on postrelease control for three years with a tentative start date of September 8, 2010.

On October 17, 2011, the Twelfth District granted the state's motion to dismiss the petition, predicated upon the fact that "[P]etitioner's aggregate sentence includes not only a five year determinate sentence for robbery but an indefinite 14 to 70 year sentence imposed for other violations or offenses."  ECF Dkt. #10-1 at p. 3.  Petitioner filed his notice of appeal on December 5, 2011.  The Supreme Court dismissed the appeal on February 27, 2012 because Petitioner failed to file a merits brief.  ECF Dkt. #10-2.

**I.    Second 28 U.S.C. § 2254 Petition**

Petitioner filed the current petition on March 12, 2012. ECF Dkt. #1.  Petitioner raised the following grounds for relief:

> **GROUND ONE:** PETITIONER WAS UNLAWFULLY DIVESTED OF HIS EARNED TIME CREDIT AND REQUIRED TO SERVE 18 MONTHS OVER AND BEYOND HIS PURPORTED 5 YEAR DEFINITE PRISON SENTENCE AND DENIED THE RIGHT TO HAVE THE 18 MONTHS OF EARNED TIME CREDIT APPLIED TOWARDS THE REDUCTION AND EXPIRATION OF THE 2 YEARS CONTINUANCE IMPOSED BY THE OHIO PAROLE BOARD PER PAROLE VIOLATION AS REQUIRED BY LAW.
>
> **GROUND TWO:** THE ADULT PAROLE AUTHORITY (APA) VIA THE ADULT PAROLE BOARD (APB) FAILED TO GIVE PETITIONER TURNER ANY OF HIS EARNED TIME CREDIT FOR THE 18 MONTHS HE WAS UNLAWFULLY REQUIRED TO SERVE OVER AND BEYOND HIS PURPORTED 5 YEAR DEFINITE PRISON SENTENCE TOWARDS THE REDUCTION AND EXPIRATION OF THE 2 YEAR CONTINUANCE IMPOSED PER PAROLE VIOLATION AS REQUIRED BY STATE AND FEDERAL LAW.
>
> **GROUND THREE:** THE OHIO ADULT PAROLE BOARD AFTER RENDERING A DECISION TO RELEASE PETITIONER TURNER ON SEPTEMBER 8, 2010 AND THEREBY CREATING A LIBERTY INTEREST,

-7-

ENTITLEMENT AND EXPECTATION TO BE RELEASED FROM PRISON AT THAT TIME THEN UNLAWFULLY DECIDED IN VIOLATION OF PETITIONER'S TURNER'S FUNDAMENTAL RIGHT TO MINIMUM DUE PROCESS AND PROCEDURAL PROTECTION TO KEEP PETITIONER TURNER IN PRISON PAST HIS SEPTEMBER 8, 2010, RELEASE DATE WITHOUT PROVIDING PETITIONER TURNER WITH ANY PRIOR NOTICE, WITHOUT ANY PREDEPRIVATION HEARING OF PROCEDURAL PROCESS AT ALL AS REQUIRED BY LAW.

On April 5, 2013, the Sixth Circuit held that the first two claims were successive and denied authorization to consider them insofar as Petitioner should have raised them in his first petition; however, the Sixth Circuit remanded the case to the district court for consideration of the third claim, which the Court concluded "did not become ripe until the [Ohio Adult Parole Authority] actually failed to release [Petitioner] on September 8, 2010." ECF Dkt. #6.

While Petitioner's application to file a successive petition was pending in the Sixth Circuit, he filed an amended petition in this court, raising the following additional grounds for relief:

**GROUND FOUR:** PETITIONER WAS DENIED FULL AND COMPLETE CREDIT FOR ALL TIME THAT HE SERVED BY THE OHIO PAROLE BOARD OF A 24 CONTINUANCE PER PAROLE VIOLATION. THE OHIO PAROLE BOARD ONLY GAVE PETITIONER 3 MONTHS CREDIT ON A 24 MONTHS CONTINUANCE THAT HE HAD FULLY SERVED THEREBY DENYING PETITIONER 21 MONTHS CREDIT OF THE 24 MONTHS HE HAD FULLY SERVED PER PAROLE VIOLATIONS.

**GROUND FIVE:** PETITIONER WAS GIVEN TWO CONTINUANCES BY THE OHIO PAROLE BOARD WHEN THE OHIO PAROLE BOARD INDICATED TO HIM DURING A PAROLE VIOLATION HEARING HELD ON MARCH 3, 2007, THAT HE WAS SUBJECT TO ONLY ONE CONTINUANCE FOR PAROLE VIOLATIONS BEFORE BEING RELEASE [SIC] ON POSTRELEASE.

**GROUND SIX:** PETITIONER WAS SUBJECT TO DOUBLE JEOPARDY BY THE OHIO PAROLE BOARD WHEN HE WAS GIVEN TWO CONTINUANCES FOR THE SAME, EXACT REASONS AT HIS TWO PAROLE VIOLATION HEARING DATED NOVEMBER 1, 2010, AND SEPTEMBER 4, 2012

**GROUND SEVEN:** PETITIONER WAS SUBJECT TO DOUBLE JEOPARDY WHEN THE PAROLE BOARD IMPOSED MULTIPLE PUNISHMENTS FOR THE SAME ROBBERY OFFENSE AFTER PETITIONER HAD COMPLETELY SERVED HIS ENTIRE SENTENCE FOR THE ROBBERY CONVICTION.

**GROUND EIGHT:** THE OHIO PAROLE BOARD RELIED ON FALSE AND INACCURATE INFORMATION IN REACHING THEIR DECISION TO IMPOSE A TWO YEAR CONTINUANCE PER PAROLE VIOLATION.

ECF Dkt. #5. Petitioner attached to his amended petition the Ohio Parole Board decision from the hearing of November 1, 2010, which resulted in a twenty-four month continuance, and the decision

-8-

from the hearing of September 4, 2012, which resulted in an additional twenty-four month continuance.  *Id.*

The Ohio Parole Board decisions read, in pertinent part, "Aggregate sentence per Journal Entry: 5 years plus 14 to 70 years." ECF Dkt. #10-5, ECF Dkt. #5-3.  There is no Journal Entry in the record memorializing the fourteen to seventy year sentence.  It appears that Petitioner's 2006 conviction constituted a parole violation and the indeterminate sentence was imposed for the parole violation.  Documentation from the Ohio Department of Rehabilitation and Correction reflects  the same sentence ("5.00 TERM + 14.00-70.00") and establishes that Petitioner's maximum expiration of sentence is September 11, 2039.  ECF Dkt. ##10-4 at p. 2, 10-6.

## II.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).  However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. §2244(d)(1).  The AEDPA statute of limitations is not at issue in this case.

B.     **Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).   In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

> (1)    whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)    whether the state courts actually enforced the state procedural sanction;
>
> (3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

> (4)     if the above are met, whether the petitioner has demonstrated "cause" and
>          "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a

legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).  The above standards apply to the Court's review of Petitioner's claims.

IV.     STANDARD OF REVIEW

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28  U.S.C. § 2254 on March 12, 2012, well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus.  The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

-13-

> question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.     Decisions of lower federal courts may not be considered.

B.     Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.     The state court decision may be overturned only if:

1.     It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.     the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.     'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.     the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.     Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court

-14-

> concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E.     Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has observed:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

-15-

*Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 786-787 (2011).

## IV.    ANALYSIS

### A.    Fair Presentment to the State Courts

As a matter of initial concern, Respondent argues that Petitioner's claims for relief are procedurally barred due to Petitioner's failure to present the issues to the state court.  Respondent cites *McCardle v. Warden,* 2010 WL 4384247 (S.D.Ohio) and *Mubashshir v. Sheldon*, 2012 WL 11134 (N.D.Ohio 2012), for the proposition that Petitioner must file a petition for writ of mandamus or declaratory judgment action in state court in order to exhaust his administrative remedies.

To the contrary, the *McCardle* Court held that "if petitioner's claim is that he has served the maximum sentence allowed under state law, he has a state remedy for that claim. In Ohio, 'habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully.'" *McCardle* at *2 citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994).

The district court in *Mubashshir* held that a declaratory judgment action is "the proper remedy to determine the constitutionality or constitutional application of the parole guidelines." *Mubashshir* at *5.  However, on appeal, the Sixth Circuit concluded, that "[i]n Ohio, a writ of habeas corpus is available to a petitioner to review actions taken by the Parole Authority only where the petitioner challenges the Parole Authority's jurisdiction over him. If a petitioner does not attack the jurisdiction of the court, habeas corpus is not the appropriate means to review the action of the Parole Authority. *Mubashshir v. Bradshaw*, 2013 WL 1875981 (6th Cir.(Ohio)).

Here, Petitioner's state habeas corpus did not attack the Parole Authority's jurisdiction over him, but, instead, asserted a substantive challenge to his current incarceration.  Although the Eighth District Court of Appeals recognized that Petitioner did not challenge the Parole Board's jurisdiction, the Court, nonetheless, dismissed the petition because Petitioner did not show that he was entitled to immediate release, based upon the indeterminate fourteen to seventy year sentence.  Because the state court ruled on the merits of the petition, despite the procedural error, "it is reasonable to infer

an exception" to the fair presentment requirement because "the state has actually passed on the claim." See *Castille v. Peoples*, 489 U.S. 346, 350-3511, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

However, the Ohio Supreme Court dismissed Petitioner's appeal due to his failure to file a merits brief.  In Ohio, the failure to present a claim to either a Court of Appeals or to the Ohio Supreme Court constitutes a waiver of the claim. *State v. Broom*, 40 Ohio St.3d 277, 288-289, 533 N.E.2d 682 (1988); *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990). And the failure of a state inmate to appeal a claim to the Supreme Court of Ohio constitutes a procedural default on habeas review.  See *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D.Ohio 2002). To overcome this bar on habeas review, a petitioner must present cause for the default and actual prejudice. *Murray v. Carrier*, 477 U.S. 478 (1986); *Fornash v. Marshall*, 686 F.2d 1179 (6th Cir.1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983).  Petitioner has failed to demonstrate cause for his failure to appeal the decision of the Twelfth District Court of Appeals to the Ohio Supreme Court.  Accordingly, the undersigned recommends that the Court find that the claims for relief in the original petition and the amended petition are procedurally barred.  However, even assuming *arguendo* that the Court finds that the claims in the petitions are not procedurally defaulted, the undersigned recommends that the Court find that the claims for relief have no merit.

### B.    Third and Fifth Grounds for Relief

THE OHIO ADULT PAROLE BOARD AFTER RENDERING A DECISION TO RELEASE PETITIONER TURNER ON SEPTEMBER 8, 2010 AND THEREBY CREATING A LIBERTY INTEREST, ENTITLEMENT AND EXPECTATION TO BE RELEASED FROM PRISON AT THAT TIME THEN UNLAWFULLY DECIDED IN VIOLATION OF PETITIONER'S TURNER'S FUNDAMENTAL RIGHT TO MINIMUM DUE PROCESS AND PROCEDURAL PROTECTION TO KEEP PETITIONER TURNER IN PRISON PAST HIS SEPTEMBER 8, 2010, RELEASE DATE WITHOUT PROVIDING PETITIONER TURNER WITH ANY PRIOR NOTICE, WITHOUT ANY PREDEPRIVATION HEARING OFPROCEDURAL PROCESS AT ALA AS REQUIRED BY LAW.

PETITIONER WAS GIVEN TWO CONTINUANCES BY THE OHIO PAROLE BOARD WHEN THE OHIO PAROLE BOARD INDICATED TO HIM DURING A PAROLE VIOLATION HEARING HELD ON MARCH 3, 2007, THAT HE WAS SUBJECT TO ONLY ONE CONTINUANCE FOR PAROLE VIOLATIONS BEFORE BEING RELEASE [SIC] ON POSTRELEASE.

In Petitioner's third claim for relief, he contends that the state created a liberty interest on March 2, 2007, when the OAPA rendered a decision to release him on parole, with the tentative start

date of September 8, 2010, and that he was denied procedural due process when they did not release him on September 8, 2010 without any notice or a pre-deprivation hearing. In his fifth claim for relief, he contends that his sentence was continued twice, despite the fact that the Ohio Parole Board warranted that he was subject to only one continuance.

However, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); see also *Board of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 2418, 96 L.Ed.2d 303 (1987) (the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release). An inmate's interest in the mere possibility of parole is not protected by due process. *Greenholtz,* 442 U.S. at 10-11; *Wagner v. Gilligan*, 609 F.2d 866, 867 (1979). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir.1991).

Where a state's parole statute is purely discretionary and does not mandate a presumption of release, there is no protected statutory entitlement to parole on which a due process claim could be grounded. *Greenholtz*, 442 U.S. at 9-11; *Wagner*, 609 F.2d at 867. In *Bell v. Anderson*, 301 Fed.Appx. 459, 461 (6th Cir.2008), the Sixth Circuit acknowledged that "the granting of parol under the Ohio penal statute is 'purely discretionary,'" and that " a convicted person has no legitimate claim of entitlement to parole before the expiration of a valid sentence of imprisonment – and thus no liberty interest in being paroled – even if the parole board has approved the prisoner's release on parole on or after a specified date." *Id.* citing *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235-236.

Here, Petitioner concedes that the PRC Result Notification indicates that September 9, 2010 is a tentative start date. See ECF Dkt. #10-6. Accordingly, because Petitioner had no liberty interest at stake, the undersigned recommends that the Court find that the third and fifth grounds for relief have no merit.

## C.    Fourth Ground for Relief

-18-

PETITIONER WAS DENIED FULL AND COMPLETE CREDIT FOR ALL TIME
THAT HE SERVED BY THE OHIO PAROLE BOARD ON A 24 CONTINUANCE
PER PAROLE VIOLATION. THE OHIO PAROLE BOARD ONLY GAVE
PETITIONER 3 MONTHS CREDIT ON A 24 MONTHS CONTINUANCE THAT
HE HAD FULLY SERVED THEREBY DENYING PETITIONER 21 MONTHS
CREDIT OF THE 24 MONTHS HE HAD FULLY SERVED PER PAROLE
VIOLATIONS.

In his fourth ground for relief, Petitioner argues that he did not receive proper credit for time

served when the Parole Board continued consideration of his parole.  The 2010 Parole Board

Decision indicates that Petitioner served 78 months to date, which included 48 months of prison time

and 30 months of jail time.  See ECF Dkt. #11-2.  The 2012 Parole Board Decision indicates that

Petitioner served 81 months to date, which included 81 months of prison time with no jail time credit.

See ECF Dkt. #11-3.  Petitioner's fourth ground for relief is not cognizable in this federal habeas

corpus proceeding because it challenges the state court's interpretation and application of its

sentencing laws and guidelines. A state court's alleged misinterpretation of state sentencing

guidelines and crediting statutes is a matter of state concern only. *Howard v. White,* 76 Fed. Appx.

52, 53 (6th Cir. 2003)(citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991); *Branan v.

Booth*, 861 F.2d 1507, 1508 (11th Cir.1988)). This concept also applies to claims challenging the

amount of jail credit applied (or not applied) to state sentences under state law; such claims are a

matter of state law and are not cognizable on federal habeas review. See *Kipen v. Renico*, 65 F.

App'x 958, 959 (6th Cir.2003) ("[T]he actual computation of [a petitioner's] prison term involves

a matter of state law that is not cognizable under 28 U.S.C. § 2254."); *Hansend v. Lafler*, No. 1:10-

CV-530, 2013 WL 5428726, at *12 (W.D.Mich., Sept.26, 2013) (recommending the denial of

petitioner's request for jail credit for time served because such claim was a matter of state law and

was not cognizable on federal habeas review). "[F]ederal habeas corpus relief does not lie for errors

of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting

*Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).  Accordingly, the

undersigned recommends that the Court find that Petitioner's fourth ground for relief has no merit.

### **D.**     **Sixth and Seventh Grounds for Relief**

PETITIONER WAS SUBJECT TO DOUBLE JEOPARDY BY THE OHIO
PAROLE BOARD WHEN HE WAS GIVEN TWO CONTINUANCES FOR THE

-19-

SAME, EXACT REASONS AT HIS TWO PAROLE VIOLATION HEARING DATED NOVEMBER 1, 2010, AND SEPTEMBER 4, 2012

PETITIONER WAS SUBJECT TO DOUBLE JEOPARDY WHEN THE PAROLE BOARD IMPOSED MULTIPLE PUNISHMENTS FOR THE SAME ROBBERY OFFENSE AFTER PETITIONER HAD COMPLETELY SERVED HIS ENTIRE SENTENCE FOR THE ROBBERY CONVICTION.

In his sixth and seventh grounds for relief, Petitioner contends that he was subjected to double jeopardy because the Parole Board relied upon the same evidence, including his robbery conviction, to twice continue consideration of his parole.  The Double Jeopardy Clause of the Fifth Amendment provides in relevant part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Fifth Amendment applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794-95, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, in common parlance, be described as punishment. The Clause protects only against the imposition of multiple criminal punishments for the same offense, ... and then only when such occurs in successive proceedings. *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 493, 139 L.Ed.2d 450 (1997).  The Sixth Circuit has recognized that the double jeopardy clause applies only to judicial proceedings, not parole proceedings.  *Sand v. Bogan*, 21 F.3d 428 (6th Cir.1994).  Accordingly, the undersigned recommends that the Court find that Petitioner's sixth and seventh grounds for relief have no merit.

### E.    Eighth Ground for Relief

THE OHIO PAROLE BOARD RELIED ON FALSE AND INACCURATE INFORMATION IN REACHING THEIR DECISION TO IMPOSE A TWO YEAR CONTINUANCE PER PAROLE VIOLATION.

In his eighth ground for relief, Petitioner asserts that the Parole Board continued consideration of parole to a later date and denied his release based on false information.  However, without a liberty interest in parole, Petitioner cannot demonstrate that the Parole Board's alleged reliance on false information raises a constitutional concern. See *Caldwell v. McNutt*, 158 Fed. Appx. 739, 741 (6th Cir. 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Jakaj v. Combes*, No. 2:12CV475, 2013 U.S. Dist. LEXIS 28269, at *11-14 (W.D. Mich. Mar. 1,

-20-

2013) (and cases cited therein).  Because Petitioner fails to assert a constitutional violation, the undersigned recommends that the Court find that Petitioner's eighth ground for relief has no merit.


## V.      CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.


DATE: February 5, 2014                                  *s/ George J. Limbert*
                                                        GEORGE J. LIMBERT
                                                        UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).