```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
DONALD TURNER,                                :
                                              :    CASE NO. 1:12-CV-00683
            Petitioner,                       :
                                              :
vs.                                           :    OPINION & ORDER
                                              :    [Resolving Docs. 1, 5, 10, 12, & 13]
ERNIE MOORE, Warden,                          :
                                              :
            Respondent.                       :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge George J. Limbert recommends that this Court dismiss Petitioner Donald Turner's original and amended 28 U.S.C. § 2254 petitions because Petitioner did not fairly present his claims to the state courts and alternatively because they have no merit.[1] Petitioner Turner objects to the Magistrate Judge's recommendation.[2] For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Judge Limbert as amended by this opinion, and **DISMISSES WITH PREJUDICE** Turner's original and amended petitions.

## I. Factual and Procedural Background

In 2006, Petitioner was convicted of robbery in the Cuyahoga County Court of Common Pleas. After a series of appeals, the trial court sentenced Petitioner to a five-year term of imprisonment to be followed by three years of post-release control.

Petitioner's robbery conviction also apparently violated the conditions of his parole that followed an earlier conviction, and Petitioner received a sentence of 14 to 70 years of imprisonment for violating his parole. Therefore, Petitioner's total sentence was calculated to be "5 years plus 14

---

[1] Doc. 12.
[2] Doc. 13.

Case No. 1:12-CV-00683
Gwin, J.

to 70 years."[3]

In 2009, Petitioner filed a § 2254 petition with this Court challenging his robbery conviction. The Court denied the petition, and the Sixth Circuit denied petitioner a certificate of appealability.

In September 2010, the Ohio Adult Parole Authority denied Petitioner release from incarceration and set another hearing for September of 2012.

On July 28, 2011, Petitioner filed a second state habeas corpus action in the Twelfth District Court of Appeals. He argued that the state required him to serve eighteen additional months beyond his five-year definite prison sentence even though he had been notified in 2007 that he would tentatively start three years of post-release control on September 8, 2010.

The Court of Appeals granted the state's motion to dismiss,[4] and the Ohio Supreme Court dismissed Petitioner's appeal because Petitioner did not file a merits brief.[5]

On March 12, 2012, Petitioner filed a second § 2254 petition with this Court with three grounds for relief.[6] After the Court transferred the case to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b) as a motion for leave to file a successive petition, the Court of Appeals held that two of the three claims were successive and barred, but that the Court should consider the remaining claim.[7]

Petitioner also filed an amended petition that asserted five additional grounds for relief.[8]

In September 2012, the Adult Parole Authority again continued Petitioner's case for 24 months, until September 2014.

---

[3] Doc. 10-1 at 3; Doc. 10-5.
[4] Doc. 10-1.
[5] Doc. 10-2.
[6] Doc. 1.
[7] Doc. 6.
[8] Doc. 5.

-2-

Case No. 1:12-CV-00683
Gwin, J.

Instead of filing a return of writ, the state filed a motion to dismiss the petitions.[9] Petitioner opposes the motion.[10]

Magistrate Judge Limbert recommended that the Court find Petitioner's claims procedurally defaulted because he did not fairly present them to the state courts or, in the alternative, that the Court find all of Petitioner's claims lose on the merits.[11] Petitioner objects to the Magistrate Judge's report and recommendation.[12]

## II. AEDPA Standard

The Federal Magistrates Act requires a district court to "make a *de novo* determination of those portions of [a Report and Recommendation] to which objection is made."[13] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal-court review of a state prisoner's petition for habeas corpus. A federal court may not grant relief on a claim adjudicated on the merits in state court unless the state-court adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[14]

The petitioner carries the burden of proof.[15]

---

[9] Doc. 10.
[10] Doc. 11.
[11] Doc. 12.
[12] Doc. 13.
[13] 28 U.S.C. § 636(b)(1)(C).
[14] 28 U.S.C. § 2254(d).
[15] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)).

-3-

Case No. 1:12-CV-00683
Gwin, J.

### III. Exhaustion of State Remedies and Procedural Default Standards

The Court may not consider a claim for relief in a § 2254 petition unless the petitioner presented each claim to every level of the state courts.[16]

Petitioner objects to the Magistrate Judge's recommendation that the Court find that Petitioner procedurally defaulted his claims.[17]

The Ohio Court of Appeals noted that a state habeas corpus action may be used to challenge either the jurisdiction of the sentencing court or "if a prisoner is entitled to immediate release."[18] Petitioner's challenges concern whether the state may continue to incarcerate him: he challenges the recalculation of his release date without due process, the calculation of time served, and two continuances in determining his release date.[19]

The Magistrate Judge correctly noted that Petitioner argued he was being unlawfully held past the expiration of his five-year robbery sentence, but the Ohio Court of Appeals determined that Petitioner was not entitled to immediate release.[20] Therefore, it appears that a state habeas action would be a proper vehicle for Petitioner to challenge his continued incarceration on the 14-to-70-year sentence.

For the claims that Petitioner could have raised at the time of his second state habeas petition,

---

[16] *Porter v. Konteh*, 3:07-cv-03354, 2009 WL 4282911, at *10 (N.D. Ohio Nov. 30, 2009).

[17] Doc. 13 at 2-3.

[18] Doc. 10-1 at 2. Moreover, under 28 U.S.C. § 2254(c), "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, *by any available procedure*, the question presented." Mandamus is a remedy for judicial review of some improper decisions of the state parole board. *See McCardle v. Warden*, No. 2:10-cv-726, 2010 WL 4384247, at *2 (S.D. Ohio Oct. 27, 2010); *State ex rel. Richard v. Mohr*, 987 N.E.2d 650 (Ohio 2013). Therefore, although mandamus may be an extraordinary remedy, it may be an "available procedure" that Petitioner must exhaust to the extent that it is the method to challenge parole board decisions.

[19] Doc. 1; Doc. 5.
[20] Doc. 10-1 at 3.

-4-

Case No. 1:12-CV-00683
Gwin, J.

he did not properly appeal the claims to the Ohio Supreme Court because he failed to file a merits brief; this resulted in a dismissal on procedural grounds.[21] Therefore, Petitioner procedurally defaulted these claims.[22]

However, Petitioner says that he "raise[d] similar but different parole issues" to the Ohio Court of Appeals as he presents to this Court.[23] Indeed, some of Petitioner's claims, such as those relating to the second continuances, could not have been brought in the state habeas action because the second continuance occurred after the Court of Appeals dismissed the petition.

For these claims, Petitioner has not presented his claims to the state courts and, therefore, has not exhausted his state remedies.[24] When confronted with unexhausted claims, a court may dismiss the claims without prejudice so the petitioner may properly exhaust them, stay the proceedings pending exhaustion, or adjudicate the merits of the claim.[25]

Having articulated these standards, the Court considers each of Petitioner's six grounds for relief.

**IV. Petitioner's Grounds for Relief**

**A. Ground Three**

In Ground Three of the original petition, Petitioner Turner says that he had a liberty interest in a September 2010 release date, and the Ohio Adult Parole Authority extended his release date

---

[21] Doc. 10-2.
[22] See *Porter*, 2009 WL 4282911 at *10.
[23] Doc. 13 at 3. *See also id.* at 4 ("[T]he parole claims raised in Petitioner's second petition and his amended petition were not raised in the Twelfth District Court of Appeals").
[24] 28 U.S.C. § 2254(b)(1).
[25] *Id.* § 2254(b)(2).

-5-

Case No. 1:12-CV-00683
Gwin, J.

without providing him due process.[26]

Petitioner Turner could have presented this claim to the Ohio Court of Appeals and the Ohio Supreme Court in his second state habeas action. Therefore, Petitioner's failure to file a merits brief before the Supreme Court means this claim has been procedurally defaulted.

Even considering the merits, Magistrate Judge Limbert properly noted that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[27]

Recall, Petitioner's sentence was five years of imprisonment to be followed by an indefinite sentence of 14-to-70 years of imprisonment. Accordingly, any release before the indefinite sentence expires is a release before the expiration of a valid sentence, and Petitioner cannot have a liberty interest in a tentative release date.

Accordingly, the Court overrules Petitioner's objections to Magistrate Judge Limbert's recommendation on Ground Three.

**B. Ground Four**

In Ground Four of the amended petition, Petitioner Turner says that the Ohio Adult Parole Authority did not count all of Petitioner's time served.[28]

The basis for this claim did not arise until the September 2012 Adult Parole Authority hearing, at which time the board calculated that Petitioner had served 81 months of prison time.[29] In September 2010, the Adult Parole Authority had calculated that Petitioner had served 78 months:

---

[26] Doc. 1 at 10-11. The Sixth Circuit denied Petitioner leave to present the first two grounds in the original petition. Doc. 6.
[27] *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7 (1979).
[28] Doc. 5 at 2.
[29] Doc. 11-2 at 2.

Case No. 1:12-CV-00683
Gwin, J.

48 in prison and 30 in jail.[30]

Because Petitioner has not presented this claim to the state courts through a habeas or mandamus action, this claim is unexhausted.

Nevertheless, the Court agrees with Magistrate Judge Limbert that this claim is not cognizable in federal habeas. "[T]he actual computation of [Petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."[31] Accordingly, the Court overrules Petitioner's objection on this ground.

### C. Ground Five

In Ground Five of the amended petition, Petitioner Turner says that the Adult Parole Authority has continued his case twice when it told him it would only continue his case once.[32]

This claim also did not become cognizable until the Adult Parole Authority continued Petitioner's case for a second time. Therefore, it is unexhausted.

Nevertheless, the Court agrees with Magistrate Judge Limbert that the claim loses. When a state has discretion to releasing a prisoner early, the prisoner has no due process claim when he is not released by a date given by the parole board.[33] Accordingly, the Court overrules Petitioner's objection on this ground.

### D. Ground Six and Seven

In Grounds Six and Seven of the amended petition, Petitioner Turner says that the state

---

[30] *Id.* at 1.
[31] *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003).
[32] Doc. 5 at 3.
[33] *See Bell v. Anderson*, 301 F. App'x 459, 461 (6th Cir. 2008) (there is no liberty interest in early release "even if the parole board has approved the prisoner's release on parole or after a specified date").

-7-

Case No. 1:12-CV-00683
Gwin, J.

violated his right to be free from double jeopardy by imposing two continuances before the Adult Parole Authority for the same reason and by imposing multiple punishments for the same robbery offense.[34]

The first of these two claims was not cognizable until the second continuance, and so has not been exhausted. The second claim arose when Petitioner was held in incarceration after his five-year robbery sentence ended, and so has been procedurally defaulted.

Both claims lose on the merits. First, double jeopardy does not apply in the context of when a person is released from prison before the expiration of a valid sentence.[35]

And second, the 14-to-70-year indefinite sentence was not imposed to punish Petitioner for the robbery offense but to punish Petitioner for the earlier crime and to punish Petitioner for violating the conditions of his release for a different crime. Therefore, his continued incarceration after the expiration of his robbery sentence is not a second punishment for the robbery conviction and, therefore, does not trigger the Double Jeopardy Clause.

Accordingly, the Court overrules Petitioner's objections on these grounds.

**E. Ground Eight.**

In Ground Eight of the amended petition, Petitioner says that the Adult Parole Authority relied on false and inaccurate information in deciding to continue Petitioner's case.[36]

Because it is unclear which continuance Petitioner says was based on inaccurate information, the Court cannot determine whether the claim is unexhausted or procedurally defaulted. However,

---

[34] Doc. 5 at 3-4.
[35] *See Sand v. Bogan*, 21 F.3d 428, at *2 (6th Cir. 1994) (per curiam) (table decision).
[36] Doc. 5 at 5.

Case No. 1:12-CV-00683
Gwin, J.

in either case, the claim loses on the merits.  As Magistrate Judge Limbert noted, because Petitioner does not have a liberty interest in early release from a valid sentence, the parole board's reliance on allegedly inaccurate information does not violate due process.[37]

Accordingly, the Court overrules Petitioner's objection on this ground.

### V. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Judge Limbert as amended by this opinion, and **DISMISSES WITH PREJUDICE** Turner's original and amended petitions.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[38]

IT IS SO ORDERED

Dated: March 4, 2014                                 s/       *James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE

---

[37] *See Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution.").

[38] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).